UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
CRUZ MERCEDE R.,

                              Plaintiff,        DECISION AND ORDER
                                                       1:23-CV-09935-GRJ

    v.

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
--------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In July of 2019, Plaintiff Cruz Mercede R.[1] applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff, represented by Patterson Belknap Webb & Tyler, LLP, Lisa E. Cleary, Esq. and Johanna-Sophie Dikers, of counsel, and the New York County Lawyers Association, Jessica Breuer, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 13).

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

This case was referred to the undersigned on January 29, 2025. Presently pending is Plaintiff's Motion for Judgment on the Pleadings pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 18). For the following reasons, Plaintiff's motion is due to be granted and this case is remanded for further administrative proceedings.

## I.  BACKGROUND

### A.   Administrative Proceedings

Plaintiff applied for benefits on July 17, 2019, alleging disability beginning April 20, 2019. (T at 21, 381).[2] Plaintiff's application was denied initially and on reconsideration. She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on April 14, 2020, before ALJ Elias Feuer. (T at 50-70). Plaintiff appeared pro se and requested and received an adjournment to obtain counsel. (T at 57, 68). A second hearing was held before the same ALJ on April 13, 2021. (T at 71-99). Plaintiff appeared with an attorney and testified with the assistance of an interpreter. (T at 86-89, 94-98). The ALJ also received testimony from Dr. Mark Stevens, a medical expert. (T at 76-86, 90-92). Plaintiff's alleged onset date was amended to October 22, 2019. (T at 93-94).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 11.

A third hearing was held on April 19, 2022. (T at 100-129). Plaintiff appeared with an attorney and testified with the assistance of an interpreter. (T at 113-123, 124). The ALJ received additional testimony from Dr. Stevens (T at 103-109), as well as testimony from Sheri Pruitt, a vocational expert. (T at 123-27).

B.  *ALJ's Decision*

On June 22, 2022, the ALJ issued a decision denying the application for benefits. (T at 14-49). The ALJ found that Plaintiff had not engaged in substantial gainful activity since October 22, 2019 (the amended alleged onset date) and meets the insured status requirements of the Social Security Act through December 31, 2023 (the date last insured). (T at 24).

The ALJ concluded that Plaintiff's degenerative disc disease and lumbar radiculitis were severe impairments as defined under the Act. (T at 25).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equals one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 28).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: she

can stand or walk for no more than two hours in an eight-hour workday; would require a sit/stand option, as well as the ability to switch positions from seated to standing as often as every sixty minutes, and from standing to seated as often as every thirty minutes; she can walk no more than thirty minutes continuously; she requires a cane to ambulate, but not to stand; she cannot climb ladders, ropes, or scaffolds; she can only occasionally climb ramps and stairs, stoop, kneel, or squat; she can crouch frequently; she cannot work at unprotected heights or operate dangerous machinery with moving parts; she can occasionally operate a motor vehicle and cannot be exposed to extreme vibrations, or extreme cold. (T at 28).

The ALJ concluded that Plaintiff could perform her past relevant work as an insurance clerk. (T at 37-38).

In addition, considering Plaintiff's age (46 on the amended alleged onset date), education (at least high school), work experience, and RFC, the ALJ also determined at step five of the sequential analysis that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 39-40).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits

for the period between October 22, 2019 (the amended alleged onset date) and June 22, 2022 (the date of the ALJ's decision). (T at 40-41).

On September 19, 2023, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-8).

C.  *Procedural History*

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on November 8, 2023. (Docket No. 1).  On May 2, 2024, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket Nos. 18, 19).  The Commissioner interposed a brief in opposition to the motion and in support of request for judgment on the pleadings on June 10, 2024. (Docket No. 23).  On July 1, 2024, Plaintiff submitted a reply memorandum of law in further support of her motion. (Docket No. 26).

## II.  APPLICABLE LAW

A.  *Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the

Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

    B.    *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

>1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
>2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
>3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
>4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.
>
>5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether the claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

### III.  DISCUSSION

Plaintiff raises several arguments in support of her request for reversal of the ALJ's decision.  This Court will address those arguments in in turn in two broad categories.

A.  *Mental Health Impairment*

The Commissioner uses a "special technique" to evaluate the severity of mental impairments at step two of the sequential analysis. *See* 20 C.F.R. § 404.1520a(a).  The ALJ rates the degree of functional limitation resulting from the claimant's mental impairment(s) to determine whether the impairment(s) is/are "severe." *See id*. at § 404.1520a(d)(1).

To perform this analysis, the ALJ considers the degree of limitation in four (4) broad functional areas – understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself.

If the limitation in these domains is no more than "mild," and if the evidence does not otherwise indication more than a mild limitation in the claimant's activity to perform basic work activities, then the mental impairment(s) will be considered non-severe. *See id.*

In the present case, the medical record, and Plaintiff's testimony, establish that she has been diagnosed with major depressive disorder, for which she received treatment, including prescription medication. (T at 114, 1120-1210, 1126, 1154, 1260, 1263, 1273, 1505-1733).

The ALJ found that Plaintiff did "not have a psychological impairment [of] any kind, type, or etiology." (T at 26). This finding was clearly incorrect. The Commissioner argues that this error was harmless because, notwithstanding this statement, the ALJ considered Plaintiff's depression by discussing the evidence of mental health treatment and by finding that Plaintiff had no more than mild limitation in the domains of functioning. (T at 26-27).

Post hoc rationalizations by counsel are generally not sufficient to remedy gaps or errors in the ALJ's analysis. *See Newbury v. Astrue*, 321 F. Appx. 16, 18 (2d Cir. 2009).

A court, however, may overlook the absence of an adequate explanation or error in analysis if it is possible to "glean the rationale of the ALJ's decision." *Cichocki v. Astrue*, 534 Fed. Appx. 71, 76 (2d Cir. 2013). This should be done sparingly and only where it is clear the ALJ considered all the relevant evidence and the "the record contains robust support for the finding that [the claimant} is not disabled." *Barrere v. Saul*, 857 F. Appx. 22, 24 (2d Cir. 2021).

Here, notwithstanding the incorrect statement that Plaintiff did not have a psychological impairment, the ALJ's decision makes it clear that he performed the special technique severity analysis required by law and made detailed findings sufficiently supported by the record. (T at 26-27).

For example, treatment notes from the relevant period consistently describe Plaintiff as pleasant, cooperative, alert and fully oriented. (T at 1280, 1314, 1333). She was found to have intact memory, attention, cognition, and concentration, average intelligence, intact judgment, goal directed and coherent thoughts. (T at 713, 1143-44, 1214, 1217, 1221, 1226, 1280, 1302, 1357, 1367, 1559, 1572).

Although ALJs must be careful not to overestimate the significance of a claimant's ability to be cooperative and appropriate during brief visits with supportive medical providers, such evidence can support a finding of non-disabling mental impairments. *See, e.g., Knief v. Comm'r of Soc. Sec.*, No. 20 Civ. 6242 (PED), 2021 WL 5449728, at *1–2, 8–9 (S.D.N.Y. Nov. 22, 2021) (affirming ALJ decision based on treatment records and mental status examinations that claimant had "meaningful, but not profound, mental restrictions" with chronic anxiety and mood disturbances, adequately treated with regular psychiatric appointments and psychiatric medications).

Moreover, "[i]t is the claimant's burden to show at step two that she has a severe impairment." *Rye v. Colvin*, No. 2:14-CV-170, 2016 WL 632242, at *3 (D. Vt. Feb. 17, 2016) (internal quotation omitted).

"A step two error is not reversible and does not necessitate remand where the record is devoid of evidence that the allegedly omitted impairments were severe." *Guerra v. Comm'r of Soc. Sec.*, No. 1:16-CV-00991 (MAT), 2018 WL 3751292, at *2–3 (W.D.N.Y. Aug. 7, 2018), *aff'd sub nom. Guerra v. Saul*, 778 F. App'x 75 (2d Cir. 2019).

Here, notwithstanding the ALJ's erroneous statement, the record supports his conclusion that Plaintiff had no more than mild limitation in the

11

domains of mental functioning and Plaintiff fails to point to evidence that materially undermines that finding. This aspect of the ALJ's decision does not contain an error requiring remand.

### B. Onset Date Amendment

During the second administrative hearing, Plaintiff amended her alleged onset date to October 22, 2019. (T at 93-94). However, the ALJ's assessment of Plaintiff's physical limitations is supported by significant citations to evidence from prior to the amended alleged onset date.

For example, the ALJ relied on Plaintiff's self-reported functioning, including the ability to prepare simple meals and perform some household chores. (T at 33-34). Notably, those statements were made in July of 2019, prior to the amended alleged onset date. (T at 442-55).

The ALJ found the opinion of Dr. Ann Marie Finegan, a consultative examiner, "somewhat persuasive." (T at 34-35). Dr. Finegan opined that Plaintiff should not perform activities at unguarded heights or around dangerous or moving equipment, but otherwise assessed no other limitations. (T at 713). Dr. Finegan's examination, however, took place in August of 2019, prior to the amended alleged onset date. (T at 714).

Likewise, the ALJ found the assessments of the non-examining State Agency review physicians "somewhat persuasive," notwithstanding the fact

that the assessments pre-dated the amended alleged onset date and, as such, were necessarily based on a review of records from outside the relevant period. (T at 34, 134-36, 147-49).

Apparently, the ALJ recognized the problem posed by the late amendment to the alleged onset date because the ALJ cites the consistency between findings that pre-date and post-date the relevant period and references that Dr. Finegan's examination was conducted "just before the amended alleged onset date." (T at 31-33).  Likewise, the ALJ noted that Plaintiff completed her function report, in which she represented she had the ability to prepare simple meals and perform some chores, "just before her amended alleged onset date." (T at 34).

The ALJ's failure to take adequate account of the amendment to the alleged onset date and to focus his analysis on the Plaintiff's limitations post amended onset date requires reversal.   In sum, the ALJ's lay assessment of the longitudinal evidence was insufficiently precise and inadequately supported and must therefore be revisited on remand. *See Amarante v. Commissioner of Social Security*, No. 16-CV-0717, 2017 WL 4326014 at *10 (S.D.N.Y. Sept. 8, 2017) (remanding where ALJ "improperly assume[d] the mantle of a medical expert"); *see also Bienvenido J.P. v. Commissioner of Social Security*, No. 20-CV-9270, 2022

13

WL 901612, at *5 n. 3 (S.D.N.Y. March 28, 2022) ("The ALJ remains a layperson and should not 'assume the mantle of a medical expert….'"); *Balotti v. Comm'r of Soc. Sec.*, No. 20-CV-8944 (RWL), 2022 WL 1963657, at *6 (S.D.N.Y. June 6, 2022).

What's more the ALJ's imprecision in assessing the evidence pre amended onset date and the evidence post amended onset date was prejudicial given the significant evidence in the record that post-dated the amended alleged onset date.

For example, the ALJ observed that Plaintiff's functional abilities were essentially consistent with what she self-reported prior to the amended alleged onset date. (T at 34). But this assessment is at odds with the evidence that in June of 2020, Plaintiff's son was hired as a home health attendant through the New York Consumer Directed Personal Assistance Program ("CDPAP"). (T at 116-117). CDPAP determined that Plaintiff needed a home health attendance to provide care, including household chores, grocery shopping, taking Plaintiff to doctor's appointments, and assisting her with dressing, toileting, and maintaining safety. (T at 117, 119). Although the ALJ questioned Plaintiff about this arrangement during the third hearing (T at 117-19), his decision makes no reference to it.

In addition, in April of 2022, Plaintiff testified that she was not improving with physical therapy, used a cane all the time, could not stand for more than 15 minutes, and relied on her son to perform household chores. (T at 114-16, 119-20).

When assessing Plaintiff's ability to stand and walk, the ALJ cited reports regarding her ability to walk on her heels and toes, which were prepared prior to the amended alleged onset date. (T at 32-33). In contrast an evaluation in April of 2022 described Plaintiff as unable to heel or toe walk, using a cane, and demonstrating "[s]lowed gait speed" and "decreased trunk rotation." (T at 1741).

In August of 2020, Dr. Alcedo Cruz, Plaintiff's treating primary care provider, completed a physical RFC questionnaire, in which he reported that he had been treating Plaintiff for six (6) years. Dr. Cruz opined in that report that Plaintiff's pain would frequently interfere with her ability to perform simple work tasks. (T at 981-82).

Dr. Cruz further opined that Plaintiff could not sit, stand, or walk for more than 2 hours; needed to use a cane when standing or walking; could occasionally lift less than 10 pounds and rarely lift 10 pounds; could occasionally look down; but rarely turn her head right or left, lookup, hold her head static, twist, bench, crouch, climb ladders or stairs. (T at 983). Dr.

15

Cruz believed Plaintiff's impairments or treatment would cause her to miss more than 4 days of work per month. (T at 984).

The ALJ found Dr. Cruz's opinion "not persuasive" (T at 35), without accounting for the fact that it is the only opinion from a treating or examining provider that post-dates the amended alleged onset date. As noted above, the ALJ deemed the non-examining State Agency review physicians' opinions "somewhat persuasive," even though their assessments were based entirely on records that pre-dated the amended alleged onset date. (T at 34, 134-36, 147-49).

Indeed, the ALJ did not find any of the medical opinions of record fully persuasive, including the opinions offered by Dr. Stevens, a non-examining physician who twice testified as a medical expert. (T at 35-37).

Dr. Stevens aptly described Plaintiff's case as "tough." (T at 108). The record contains extensive conflicting evidence, further complicated by an amendment to the alleged onset date made late in the administrative process.

Under these circumstances, it was incumbent upon the ALJ to ensure adequate development of the record, careful consideration of changes in Plaintiff's condition and functioning over the course of time, and precision in explaining and justifying his conclusions. As discussed above, the ALJ

16

failed to satisfy his duty here thus requiring a remand. *See Piscope v. Colvin*, 201 F. Supp. 3d 456, 464 (S.D.N.Y. 2016)("Given the conflicts in the medical evidence, and in light of the ALJ's decision to grant none of the medical opinions full weight, the record calls for enhancement through inquiries to the treating physicians or consultants that might shed light on the import of their opinions and the conflicts the ALJ identified.").

C.   Remand

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)).  Remand for further administrative proceedings is the appropriate remedy "[w]here there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *see also Rhone v. Colvin*, No. 13-CV-5766 (CM)(RLE), 2014 U.S. Dist. LEXIS 180514, at *28 (S.D.N.Y. Nov. 6, 2014).

Here, remand is required for proper evaluation of Plaintiff's physical functioning after the amended alleged onset date.  The Commissioner should also consider whether further development of the record is

necessary to ensure a full and fair assessment of Plaintiff's claim for benefits.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 18) is GRANTED, and this case is REMANDED for further administrative proceedings consistent with this Decision and Order. The Clerk is directed to enter final judgment in favor of the Plaintiff and then close the file.

Dated: February 10, 2025                *s/ Gary R. Jones*
                                                    GARY R. JONES
                                                    United States Magistrate Judge